THE UNION PACIFIC RAILWAY COMPANY v. THOMAS J.
STERNBERGER, as *Administrator of the estate of Charles
W. Brown, deceased.*

No. 412.

1. RAILROADS—*Injury to Employee—Measure of Damages.* In
an action under section 418 of the code (Gen. Stat. 1897, ch. 95,
§ 418, Gen. Stat. 1889, ¶ 4518), it is competent for the plaintiff,
as administrator of the deceased, to show the relations existing
between the deceased and his family, as bearing on the question
of pecuniary injury suffered by them in his death.

2. ———— *Statement of Widow—Declarations against Interest.*
The defendant, without notice to the plaintiff and shortly prior
to the death of the widow of the deceased, took her deposition.
*Held,* that this deposition is not a statement against interest, and
as such admissible in evidence under the exception to the rule of
law excluding hearsay evidence.

3. PRACTICE, DISTRICT COURT—*Instructions—Reference to Peti-
tion.* It is not reversible error for the court in its instructions,
after reciting to the jury the nature of the cause of action and
the issues to be determined by the jury, and what it is necessary
for the plaintiff to prove thereunder in order to recover, to add,
" the grounds of negligence claimed by the plaintiff are more fully
set forth in the petition, to which you are referred."

Error from Douglas district court; A. W. BENSON,
judge.   Opinion filed November 12, 1898.   Affirmed.

*A. L. Williams*, *N. H. Loomis*, and *R. W. Blair*, for plaintiff in error.

*W. W. Nevison*, and *John M. Barker*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J.: This action was begun by the defendant in error, as administrator of the estate of Charles W. Brown, deceased, against the plaintiff in error, under section 418 of the code, to recover damages on account of the death of Brown, which it was alleged was occasioned by the wrongful acts or omissions of the plaintiff in error. Brown was a brakeman on a freight-train of the plaintiff in error on the 2d day of September, 1887. The train was loaded with coal at Lansing, on the Leavenworth branch, and was being taken thence to Wamego. The train ran through the switch at the Lawrence junction and was thereby derailed, the train wrecked, the engineer, fireman and the brakeman Brown killed. There was a trial to a jury, which resulted in a verdict for the plaintiff in the sum of $1500. There had been a former trial in which the plaintiff recovered $3000. This judgment was reversed by the supreme court (*U. P. Rly. Co. v. Sternberger*, 54 Kan. 410, 38 Pac. 486) because the special findings of the jury were not sustained by the evidence and were inconsistent with one another. The supreme court, in that case, indulged in some comments unfavorable to the verdict, to the effect that it was excessive, but did not base the judgment of reversal thereon, saying that by reason of the other errors it was not necessary to do so.

There are sixteen assignments of error presented for consideration. The first thirteen assignments are

based on the action of the trial court in admitting or excluding evidence.   We do not deem it necessary to refer specifically to the first six assignments.   No substantial error was committed by the court in its action in the matters referred to therein.   All of the testimony objected to had relation to the conduct of the deceased toward his wife and minor son.   It was competent for the purpose of showing the relations between the deceased and his family, as bearing on the question of pecuniary injury suffered by them in the death of the husband and father.   The court did not abuse its discretion in any particular therein, nor was the secondary evidence complained of permitted to be introduced without proper foundation.

The seventh assignment of error is based on the exclusion by the court of what is designated as the sworn statement of Mrs. C. W. Brown, the widow, for whose benefit the recovery was sought in the first place, together with her minor son, Charles F. Brown. It is contended that this statement was admissible under the exception to the rule of law excluding hearsay, which admits the statements of deceased persons made against their interest, and which are offered in evidence after the death of the witness.   Had the paper been, strictly speaking, such a statement, it would have been competent evidence, and it would have been error to reject it, as was decided by the supreme court in the case of *Walker v. Brantner*, 59 Kan. 117, 52 Pac. 80.   The statement was offered as an entirety and excluded as an entirety.   Much of it was immaterial and did not come within the rule contended for in that respect.   Some parts of the writing were statements against interest, or might have been called statements against interest, had they been made in the ordinary course, but they were not.   It was an attempt on the

part of the defendant, plaintiff in error, to introduce the deposition of Mrs. Brown, taken by the defendant without notice to the plaintiff or his counsel. After the suit was begun, and within a day or two prior to the death of Mrs. Brown, counsel for the plaintiff in error, with a detective, a notary public, and a doctor, all in the employ of the defendant, went to her bedside and took her deposition. It is this deposition so taken without notice that was sought to be introduced as a voluntary statement of the deceased against her interest. It would seem that this explanation should be sufficient, without any further argument in support of the action of the court.

The eighth assignment of error is that the court permitted the deposition of Mrs. Wilson, the mother of Mrs. Brown, to be read to the jury. The objection was that the deposition was incompetent and not rebuttal. This contention is without merit. The ninth, tenth, eleventh, twelfth and thirteenth assignments of error are similar to the first five, are based entirely on technical contentions, and are without merit. The fourteenth contention of counsel is that the court erred in using certain language in giving its instructions to the jury. After reciting to the jury the nature of the cause of action and the grounds of negligence complained of by the plaintiff, it added : ''The grounds of negligence claimed by the plaintiff are more fully set out in the petition, to which you are referred.'' The contention is that it was the duty of the court to construe the pleadings. The court did construe them. The court stated to the jury very clearly and concisely what the issues were and what it was necessary for the jury to find in order that the plaintiff might recover. This reference to the petition, under the circumstances, could not have prejudicially affected the rights of the defendant. The

fifteenth assignment of error is that the court gave the following instruction :

"And it is charged that by reason of the alleged failure and neglect above referred to, and by and through the carelessness, unskilfulness and improper conduct and default of the servants and employees of the company, the train on which deceased was work- ing was run through an open switch and wrecked, and that he thereby lost his life."

The contention is that there was in the petition no allegation of negligence on the part of the other serv- ants and employees of the company, and that the court did not confine the plaintiff to the specific alle- gations of negligence as ground for damages alleged in the petition.   Counsel cite in support of their posi- tion *Telle v. Rapid Transit Rly. Co.*, 50 Kan. 455, 31 Pac. 1076.   In this contention counsel are mistaken. There is a specific allegation of negligence on the part of the fellow servants and fellow employees of the de- ceased.   This petition was so construed by the su- preme court.   There was evidence offered without objection in support of this allegation, and the evi- dence sustains the verdict of the jury.

The sixteenth assignment of error is that the court overruled the motion of the plaintiff in error for a new trial.   Nothing has been pointed out constituting such error as would warrant the court in sustaining the motion.   There was no evidence to sustain the conten- tion that Brown was guilty of contributory negligence. It was his first trip over the line.   He had no means of knowing that the train was approaching the junc- tion.   The landmarks were nothing to him, not know- ing that they were landmarks.

The case was fairly submitted to the jury.   The verdict and the findings indicate that the jury gave careful attention to the evidence and to the instruc- tions of the court.   The judgment is affirmed.