# CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. STARKS, ADMINISTRATRIX.

[No. 21,686. Filed June 10, 1910.]

1. RAILROADS.—*Negligence.—Death.—Damages.—Presumptions.—Complaint.*—A complaint alleging that defendant railroad company negligently killed decedent and that he left surviving a widow and minor children, imports damage without a direct allegation thereof. p. 346.

2. RAILROADS.—*Highway Crossings.—Contributory Negligence.—Complaint.*—A complaint alleging that the defendant railroad company's highway crossing was partly obstructed from the view or hearing of travelers upon the highway, that the crossing was dangerous, and that defendant ran its train thereover at high speed and without signal, killing decedent, does not affirmatively show contributory negligence, and is sufficient. p. 347.

3. RAILROADS.—*Highway Crossings.—Travelers.—Allegations Showing.—Complaint.*—Allegations in a complaint that the decedent was traveling in a vehicle southward along a public highway, and was struck and killed when he reached the main track of defendant railroad company's road, sufficiently shows that decedent was using the highway for a legitimate purpose. *Chicago, etc., R. Co. v. McCandish*, 167 Ind. 648, distinguished. p. 347.

4. APPEAL.—*Briefs.—Waiver.*—Objections to a paragraph of complaint not mentioned in appellant's brief, are waived. p. 348.

5. DAMAGES.—*Evidence.—Kindness and Care of Decedent Toward Family.—Railroads.—Highway Crossings.*—In an action against defendant railroad company for the negligent killing of decedent, evidence of his kindness and care for his family is admissible on the question of damages. p. 348.

6. RAILROADS.—*Wilful Injuries.—Instructions.*—An instruction in an action against a railroad company for killing decedent on a highway crossing, that "to constitute wilful injury or death, the act which produced such injury or death must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others and a willingness to inflict * * * the injury or death complained of," is incorrect, since wilfulness cannot be established by merely showing intention, it being necessary to show also that such injury or death must reasonably have been anticipated as the probable consequence of the act. *Louisville, etc., R. Co. v. Bryan*, 107 Ind. 51, partly overruled. p. 348.

7. RAILROADS.— *Populous Districts.— Degree of Care.*— Railroad companies are required to use ordinary care in the operation of their trains, and such care may require greater diligence in operating in populous, than in sparsely settled, districts.   p. 350.

From Ripley Circuit Court;  *Francis M. Thompson,* Judge.

Action by Mary A. Starks, as administratrix of the estate of Francis M. Starks, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment on a verdict for plaintiff for $2,500, defendant appeals.    (Transferred from Appellate Court under §1394 Burns 1908, Acts 1901 p. 565, §10.)   *Reversed.*

*Cravens & Cravens,* for appellant.
*Connelley & Kline,* for appellee.

MONTGOMERY, J.—Appellee recovered judgment for the killing of Francis M. Starks at a grade crossing over appellant's railroad tracks.   Errors have been assigned upon the overruling of appellant's demurrer to each paragraph of the complaint and its motion for a new trial.

The complaint was in five paragraphs, but the first was withdrawn.

The second paragraph of complaint alleges that the death of the decedent was negligently caused by appellant's failure to give the statutory signals or other warning of the train's approach to the crossing, and that he left surviving his widow, Mary A. Starks (appellee), and certain named minor children, who were dependent on him for support.   No express allegation of resulting damages in any sum was made.

It is urged that this paragraph is defective and insufficient for want of an allegation that damages were sustained.   In the case of *Korraday* v. *Lake Shore, etc., R. Co.* (1892), 131 Ind. 261, it is expressly held that a complaint for death by wrongful act which shows the survival of a widow and infant children of the decedent is sufficient, "although it is

not directly alleged that the surviving kinsfolk sustained actual damages.'' The court further says: ''The legal presumption is that infant children are entitled to the benefit of the father's services, and that the wife is entitled to the benefit of the services and assistance of her husband, and that such services are of value to her and her children.'' *Chicago, etc., R. Co.* v. *Thomas* (1900), 155 Ind. 634; *Clore* v. *McIntire* (1889), 120 Ind. 262, 264; *Louisville, etc., R. Co.* v. *Buck* (1889), 116 Ind. 566, 2 L. R. A. 520, 9 Am. St. 883. See, also, *Atchison, etc., R. Co.* v. *Weber* (1885), 33 Kan. 543, 6 Pac. 877, 52 Am. Rep. 543; *Houghkirk* v. *President, etc.* (1883), 92 N. Y. 219, 44 Am. Rep. 370; *Haug* v. *Great Northern R. Co.* (1898), 8 N. D. 23, 77 N. W. 97, 42 L. R. A. 664, 672, 73 Am. St. 727; 13 Cyc. 344.

The third paragraph is attacked for the alleged reasons that it appears from this paragraph that decedent could have seen the approaching train and could not have heard the signals if given. This paragraph alleges facts showing obstructions to seeing and hearing the approach of a west-bound train when traveling southward on the highway, that the crossing was dangerous, that the train which struck decedent's vehicle was run at a very high rate of speed, and that no signal or warning of its approach was given. The fact that appellee, by the exercise of ordinary care for his safety, could have discovered the approach of the train before the accident, does not affirmatively appear, and hence the inference of contributory negligence does not necessarily arise, and this paragraph of complaint is sufficient.

It is claimed that the fourth paragraph of complaint is bad because it does not sufficiently show that the decedent was using the highway as a traveler, and as such drove upon the crossing at the time of the collision.

It is alleged that decedent was traveling in a vehicle southward along a public highway, and was struck when he reached the main track of appellant's road. The facts al-

leged are sufficient to show that the use of the crossing by decedent was that of an ordinary traveler over the highway, for whose safety, in such use, appellant was bound to exercise ordinary care. The facts alleged readily distinguish this from the case of the *Chicago, etc., R. Co.* v. *McCandish* (1907), 167 Ind. 648, and the paragraph is not open to the objection urged by appellant's counsel.

The fifth paragraph of complaint purports to allege that decedent's death was intentionally caused by appellant's engineer. No objection to the sufficiency of this paragraph has been pointed out in appellant's brief, and the alleged error in overruling its demurrer thereto must be regarded as waived.

4.

The court, over appellant's objection, permitted appellee to prove that decedent treated his minor children with kindness. Testimony as to the general character of decedent for industry, and his relation and attitude toward his children, with respect to kindly attention, care and provision for support, is competent in actions of this character. No error was committed in receiving the evidence on this subject to which objections were made. *Board, etc.,* v. *Legg* (1884), 93 Ind. 523, 47 Am. Rep. 390; *Anthony Ittner Brick Co.* v. *Ashby* (1902), 198 Ill. 562, 64 N. E. 1109; *Union Pac. R. Co.* v. *Sternberger* (1898), 8 Kan. App. 131, 54 Pac. 1101; *Tilley* v. *Hudson River R. Co.* (1864), 29 N. Y. 252, 86 Am. Dec. 297; *Chilton* v. *Union Pac. R. Co.* (1892), 8 Utah 47, 29 Pac. 963.

5.

The court gave the jury the following definition of a wilful injury or death: "To constitute wilful injury or death, the act which produced such injury or death must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others and a willingness to inflict or bring about the injury or death complained of."

6.

This definition is incomplete, inaccurate and misleading, so far as it relates to this case. The charge of wilfulness,

as made in the fifth paragraph of the complaint, is built up by the allegation of circumstantial facts rather than by direct averment. The question of its sufficiency has been waived, as heretofore shown, but it is proper in this connection to say that negligence cannot be of such a degree as to become wilfulness, and no purpose or design can be said to exist where the injurious act is merely negligent. That part of the instruction before quoted appears to have been taken verbatim from the reasoning of the court in the case of *Louisville, etc., R. Co.* v. *Bryan* (1886), 107 Ind. 51. The language quoted was not intended by the court to be an exact and complete definition of a wilful injury, applicable under any circumstances to all cases, but was merely a part of the argument adduced to show the insufficiency of the charge of wilfulness in that case. The effect of the instruction under consideration was to direct the jury that the charge of wilfulness was established, if the act which produced decedent's death was intentional. The act on appellant's part which caused such death was the running of its train over the crossing. This was assuredly an intentional but not an unlawful act. It was not enough, therefore, to charge that wilfulness consisted merely in showing that the act producing the death in question was intentional. It must be made to appear that the act or omission which caused the death was wilful or intentional, and of such a character as that such death must reasonably have been anticipated as the natural and probable consequence of the act; that is, decedent was in a position of imminent peril and unconscious thereof, or unable to extricate himself therefrom, and that the engineer in charge of the train had knowledge of such facts, and power and opportunity to stop the train or avoid the collision, but intentionally omitted to do so, and with such knowledge, power and opportunity wilfully ran such train over the crossing in utter disregard of consequences. *Brooks* v. *Pittsburgh, etc., R. Co.* (1902), 158 Ind. 62; *Ullrich* v. *Cleveland, etc., R. Co.* (1898), 151

Ind. 358; *Cleveland, etc., R. Co.* v. *Miller* (1898), 149 Ind. 490; *Parker* v. *Pennsylvania Co.* (1893), 134 Ind. 673, 23 L. R. A. 552; *Pennsylvania Co.* v. *Meyers* (1894), 136 Ind. 242; *Louisville, etc., R. Co.* v. *Bryan* (1886), 107 Ind. 51; *Terre Haute, etc., R. Co.* v. *Graham* (1884), 95 Ind. 286, 48 Am. Rep. 719; *Louisville, etc., R. Co.* v. *Anchors* (1896), 114 Ala. 492, 22 South. 279, 62 Am. St. 116; 29 Cyc. 510.

This instruction was erroneous and harmful.

The court instructed the jury that, as a matter of law, a railway company may not operate its trains over the crossing of a public street or highway in a populous city

7. or community where many persons are passing back and forth on such street or highway at as high a rate of speed as in a thinly settled community where people are only occasionally crossing its track. The use of a crossing by the public, and other attendant circumstances, may impose upon the company the duty of exercising care proportionate to the known danger, and hence in a sense a greater degree of care for the safety of the public than is required at some other crossing not so perilous and in less frequent use by travelers, which at all events is only ordinary care. In all such cases the public may be safeguarded by the erection of gates or automatic signals, or by stationing a flagman or taking other precautions, without regard to the speed of passing trains.

In our examination of the record we find other errors, both in favor of and against appellant, which have not been presented, and which we are precluded from considering, but which emphasize the propriety and necessity of ordering a new trial, for the errors before pointed out.

The judgment is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.