## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* MABERRY.

### [No. 7,770.  Filed January 8, 1913.]

1. RAILROADS. — *Interurban.* — *Crossing Accident.* — *Complaint.* — *Charge of Negligence.—Sufficiency.*—A complaint, in an action against an interurban railroad company for the death of plaintiff's child in a crossing accident, charging that the motorman negligently failed to sound the gong with which the car was equipped, which could have been heard by a person approaching the crossing when the car was a quarter of a mile away, and negligently ran said car against said child, thereby causing the injury, sufficiently charged negligence to withstand a demurrer. p. 118.

2. NEGLIGENCE.—*Complaint.—General Charge of Negligence.—Sufficiency.*—Objection that the charge of negligence, in a complaint for personal injuries, is not specific, can only be taken by a motion to make the complaint more specific, and, in the absence of such motion, a complaint stating the injury and alleging that it was caused as a consequence and solely by reason of defendant's negligence, sufficiently charges actionable negligence. p. 118.

3. RAILROADS.—*Interurban.—Crossing Accident.—Wilful Injury.—Evidence.*—In an action against an interurban railroad company for the death of plaintiff's child, evidence showing that the motorman saw the child approaching the crossing when the car was about a quarter of a mile away, and watched it continuously until within about fifty or one hundred feet of the place where the injury occurred, before sounding the whistle or making any effort to stop the car, and that he knew the child's attention was diverted from the approaching car, and that the car was going at a speed sufficient to drive it 150 to 200 feet beyond the point where it struck the boy, was, in the absence of any reason for the motorman's failure to sound the whistle or gong in time to attract the child's attention before reaching the point of danger, or for his failure to stop the car sooner, sufficient to justify a finding that the motorman's conduct was wilful. p. 119.

4. EVIDENCE.— *Wrongful Acts.— Intention.— Presumptions.*— The rule that every person is presumed to intend the natural and probable consequences of his wrongful or unlawful acts applies in civil as well as in criminal cases, and such intent may be shown by direct evidence, or may be inferred from conduct showing a reckless disregard of consequences and a willingness to inflict injury by purposely and voluntarily doing an act with knowledge that some one is unconsciously or unavoidably in a situation to be injured thereby. p. 120.

5. APPEAL.—*Review.—Instructions.—Assumption of Facts.*—An instruction assuming a fact about which the evidence is undisputed is not erroneous. p. 121.

6. RAILROADS.—*Interurban.—Crossing Accident.—Injury to Child.— Instructions.*—In an action for the death of plaintiff's child by being struck by an interurban car, where the motorman saw the child approaching the track and watched it continuously from the time the car was a quarter of a mile away until within fifty or one hundred feet from the place where the injury occurred, without signalling the approach of the car or attempting to stop it, an instruction that "the presumption that a person seen on an interurban car track or approaching the track will leave it or not enter upon it before the car reaches him, cannot be indulged in where a child of tender years is seen on the track or is seen approaching it apparently unconscious of the approaching car," is not objectionable as being mandatory in telling the jury not to consider any presumption that the child would not come on the track in front of the car. p. 122.

7. RAILROADS.—*Interurban.—Duty Toward Persons on Tracks.— Children.*—Where a person is seen walking on the track, or where there is nothing to prevent the motorman from seeing one in that position, especially a child, and such person is unmindful of the approach of the car, the motorman is bound to use every reasonable care and means at command to warn him, and, if necessary to avoid a collision, to stop the car. p. 122.

8. DEATH.—*Death of Child.—Measure of Damages.—Instructions.* —An instruction, in an action by a father for the wrongful death of his child, that the measure of plaintiff's damages would be the reasonable value of the child's services from the date of its death until it would have become twenty-one years of age less the reasonable expense of providing it with the ordinary necessaries of life during that time, is not objectionable as leading the jury to conclude that the father was obliged to furnish only the bare necessities of life, since the word "ordinary" must have been understood by the jury as synonymous with "usual" or "customary." p. 123.

9. APPEAL.—*Review.—Instructions.—Consideration as a Whole.*— Instructions given in a case should be considered as a whole, and a separate instruction will not be held erroneous for the omission of a point covered by other instructions. p. 123.

10. APPEAL.—*Review.—Objection to Evidence.*—Although appellant saved exceptions to the admission of certain evidence, and to the refusal to admit certain evidence, where no specific objection is pointed out, and none is disclosed by the record, no error can be predicated thereon. p. 123.

11. DEATH.—*Death of Child.—Damages.—Excessive Damages.*—A verdict awarding plaintiff $3,000 for the death of his son, seven and one-half years old, in a collision with an interurban car, is not excessive. p. 123.

12. DAMAGES.—*Excessive Damages.*—Damages assessed by a jury will not be considered excessive unless they are such as to induce the belief that the jury in awarding them acted from prejudice, passion, partiality or corruption. p. 123.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Amos F. Maberry against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Brill & Harvey* and *W. H. Latta,* for appellant.
*Otis E. Gulley* and *Thomas W. Perkins,* for appellee.

SHEA, J.—This was an action by appellee against appellant for damages for the death of appellee's minor son, caused by the alleged negligent acts of appellant.

The complaint was in two paragraphs, to each of which appellant's separate demurrer was overruled. Issues were joined by a general denial filed to each paragraph of the complaint. The cause was tried by a jury, and a verdict rendered in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and judgment rendered on the verdict.

The errors assigned are as follows: (1) The overruling of appellant's demurrer to each paragraph of the complaint; (2) the overruling of appellant's motion for a new trial.

The first paragraph of the complaint, in substance, alleges that appellant, on June 24, 1908, owned and operated an

NOVEMBER TERM, 1912.        117

Terre Haute, etc., Traction Co. *v.* Maberry—52 Ind. App. 114.

interurban railroad through Hendricks county, Indiana, on which cars were operated by electric power; that at the point where the accident happened appellant's road was north of and adjacent to a public highway lying parallel with said railroad, and at that time appellee, with his family, occupied a residence within ten feet of the north line of appellant's right of way, fronting toward said highway and right of way. There was no fence between appellant's road and said highway, but appellant had erected and was maintaining a fence along the north line of its right of way, immediately south of appellee's residence, with an opening therein as a means of ingress to and egress from appellee's residence across said track to a mail-box located on said highway, which mail-box had been so placed by appellee to receive his mail from the rural carrier. On June 24, 1908, at about 10:20 a. m., when a car was approaching from the west on appellant's track, appellee's son, Virgil, seven and one-half years old, went from the residence across the track to the mail-box to get mail. The place where the child crossed the track was in plain, unobstructed view of the motorman operating the car from the time said car came within a quarter of a mile west of said crossing, continuously until it reached said crossing. The car was equipped with a gong and a whistle that could be heard for more than a quarter of a mile when properly operated, and it was the duty of the motorman to keep a close watch ahead as he approached the crossing, and to sound the gong and blow the whistle to warn any one who might be in the act of crossing of the approach of said car; "that said defendant, by its motorman, agents and servants, disregarding its duty and obligations as aforesaid, unlawfully, carelessly and negligently failed, neglected and refused to sound the gong or blow the whistle that was on said car to warn said child of its approach, and of the danger said child was in, but that said defendant, by its motorman, agents and servants, unlawfully carelessly and negligently ran said car upon and

against said child with great force and violence and thereby inflicted upon said child severe, permanent and lasting injuries from which said child died.'' Appellee is the father of said Virgil Maberry, and entitled to his services until he became of age, and by the wrongful acts of appellant he has been deprived of said services.

The second paragraph of complaint is substantially the same as the first, except that it is alleged therein that appellant, by its motorman, agents and servants, wilfully ran its car against said Virgil Maberry, and injured him, from which injuries he died, etc.

Objection is made to the first paragraph of the complaint, because, it is urged, the specific acts of negligence are not sufficiently set out, and that no acts are complained

1.  of as the proximate cause of the injury. It would require much discrimination and refinement of expression to say that specific acts of negligence are not alleged, but we may safely say this paragraph contains the general allegation that there was a negligent failure to sound the gong with which the car was equipped, which could have been heard by a person approaching said crossing when said car was a quarter of a mile or more away, and that said motorman negligently and carelessly failed to sound said gong, and negligently ran said car against said child, thereby causing the injury. The general allegation is sufficient to withstand a demurrer.

Section 343 Burns 1908, Subd. 2, §338 R. S. 1881, on the subject of the complaint, says it shall contain ''a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.''

While the paragraph of complaint cannot be said to be a model pleading, it contains the general allegation of

2.  the negligence of appellant, resulting in the injury complained of, and is good as against a demurrer.

It is settled by an unbroken line of decisions that objection for the cause stated can be taken only by a motion to make the complaint more specific. It is decided in *Louisville, etc., R. Co.* v. *Jones* (1886), 108 Ind. 551, 9 N. E. 476, that a complaint to recover for personal injury is sufficient to withstand a demurrer, under the statutes of this State, when it characterizes the act which resulted in the injury as having been negligently or carelessly done, without alleging the specific facts constituting the negligence. See, also, *Lake Erie, etc., R. Co.* v. *Fike* (1905), 35 Ind. App. 554, 74 N. E. 636; *Cincinnati, etc., R. Co.* v. *Gaines* (1886), 104 Ind. 526, 4 N. E. 34, 5 N. E. 746, 54 Am. Rep. 334; *Louisville, etc., R. Co.* v. *Krinning* (1882), 87 Ind. 351. In the absence of a motion to make more specific, a complaint stating decedent's injury and alleging that it was caused as a consequence and solely by reason of defendant's negligence, sufficiently charged actionable negligence. *Indianapolis, etc., Traction Co.* v. *Newby* (1910), 45 Ind. App. 540, 90 N. E. 29, 91 N. E. 36; *Princeton Coal, etc., Co.* v. *Roll* (1904), 162 Ind. 115, 66 N. E. 169; *Coddington* v. *Canaday* (1901), 157 Ind. 243, 61 N. E. 567.

The second paragraph of the complaint is based on the alleged wilful misconduct of appellant's servants, and is sufficient to withstand a demurrer. The demurrers were properly overruled.

In support of the motion for a new trial, appellant insists that the evidence fails utterly to sustain the charge of wilfulness. On this issue, the verdict, it insists, is contrary to law, and therefore appellant's second instruction tendered, and refused by the court, which peremptorily directed the jury to return a verdict for the defendant, should have been sustained.

3. The evidence disclosed that the motorman did see this boy approaching the track, when the motorman was a distance of almost a quarter of a mile away, and that he watched him continuously until within fifty or one

hundred feet of the point where the boy was struck before sounding the whistle or making any effort to stop the car; that he knew the boy's attention was directed to a postal which he received from the mail-carrier, and was conveying to his home. No reason is given by the motorman, or shown by the evidence in any form, for the failure to sound the whistle or the gong at a sufficient distance to attract the boy's attention before he had reached the point of danger. The car was going at a speed sufficient to drive it from 150 to 200 feet beyond the point where it struck the boy. No reason is given for the failure to stop the car sooner. Under numerous authorities, it is the judgment of this court that the jury might very well have concluded that the conduct of the motorman was wilful.

In the case of *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385, 14 N. E. 228, it is said: "As a rule of evidence, the presumption that every person intends the natural

4.   and probable consequences of his wrongful or unlawful acts applies as well in civil as in criminal cases; hence, the unlawful intent may be shown by direct evidence, or it may be inferred from conduct which shows a reckless disregard of consequences, and a willingness to inflict injury, by purposely and voluntarily doing an act, with knowledge that some one is unconsciously or unavoidably in a situation to be injured thereby. An act which in itself might be lawful becomes unlawful when done in a manner or under circumstances which charge the actor with knowledge that it will result in injury to some one. *Palmer* v. *Chicago, etc., R. Co.* [1887], 112 Ind. 250 [14 N. E. 70]; *Louisville, etc., R. Co.* v. *Ader* [1887], 110 Ind. 376 [11 N. E. 437]; *Louisville, etc., R. Co.* v. *Bryan* [1886], 107 Ind. 51 [7 N. E. 807]; *Belt R., etc., Co.* v. *Mann* [1886], 107 Ind. 89 [7 N. E. 893]; *Pennsylvania Co.* v. *Smith* [1884], 98 Ind. 42."

In the case of *Cleveland, etc., R. Co.* v. *Starks* (1910), 174 Ind. 345, 349, 92 N. E. 54, it is said: "It must be made to

appear that the act or omission which caused the death was wilful or intentional, and of such a character as that such death must reasonably have been anticipated as the natural and probable consequence of the act; that is, decedent was in a position of imminent peril and unconscious thereof, or unable to extricate himself therefrom, and that the engineer in charge of the train had knowledge of such facts, and power and opportunity to stop the train or avoid the collision, but intentionally omitted to do so, and with such knowledge, power and opportunity wilfully ran such train over the crossing in utter disregard of consequences.'' (Citing authorities.) The motion for peremptory instruction was properly overruled.

Instruction No. 1, tendered by appellee, is objected to on the ground that it assumes facts which should properly be submitted to the jury. The instruction reads as follows: ''I instruct you that if you find by a fair preponderance of the evidence that the motorman who was operating the car that struck Virgil Maberry on the 24th day of June 1908, which inflicted injuries that caused his death saw the said Virgil Maberry on the track (or saw him near or approaching the track with his mind occupied in a way that the said Virgil Maberry was not aware of the approach of the car or if the said motorman had reason to believe that he was not aware of the approach of said car and was not aware of the danger which he was in) it was then the duty of said motorman to exercise ordinary care and it was the duty of said motorman not only to warn said child of the approach of the car by sounding the whistle on the car but it was his duty as soon as he saw that said child was not aware of the danger he was in to place his car under control if he could do so, and if possible and necessary, to stop his car in order to avoid a collision.'' The portion of this instruction which might be criticised as assuming facts is ''that the motorman who was operating the car that struck Virgil Maberry on the 24th day of June 1908, which in-

flicted injuries that caused his death," etc. The fact that the motorman was operating the car which inflicted the injury which caused the death of Virgil Maberry is wholly undisputed, therefore no error occurred in assuming it in the instruction.

Instruction No. 3 tendered by appellee and given by the court, to which exception was duly saved, reads as follows: "The presumption that a person seen on an interurban car track or approaching the track will leave it or not enter upon it before the car reaches him cannot be indulged in where a child of tender years is seen on the track or is seen approaching it apparently unconscious of the approaching car."

Appellant complains that this instruction is mandatory, namely, in telling the jury it cannot consider any presumption that the child would not come on the track in front of the car. The objection to this instruction is not well taken. The courts everywhere have uniformly held that where a person is seen walking on the track, or where there is nothing to prevent the motorman from seeing one in that position, and such person is unmindful of the approach of the car, it becomes the motorman's duty to exercise every reasonable care and means at his command to warn the person, if possible, and if necessary, he should stop the car to avoid a collision. If the person is a child, he must take that fact into consideration. *Indianapolis, etc., Traction Co.* v. *Smith* (1906), 38 Ind. App. 160, 77 N. E. 1040; *Lake Erie, etc., R. Co.* v. *Juday* (1898), 19 Ind. App. 436, 49 N. E. 843; *Indianapolis, etc., Traction Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942; *Citizens' St. R. Co.* v. *Lowe* (1895), 12 Ind. App. 47, 39 N. E. 165; *Saylor* v. *Union Traction Co.* (1907), 40 Ind. App. 381, 81 N. E. 94; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111, 72 N. E. 1041.

Objection is made to the instruction given by the court on its own motion on the measure of damages. The instruc-

tion reads as follows: "If the plaintiff is entitled to recover the measure of his damages would be the reasonable value of the services of his son Virgil from the date of his death until he became twenty-one years of age less the reasonable expense of providing him with the ordinary necessaries of life during that time." This instruction is criticised because the court uses the words "ordinary necessaries of life." It is urged that the jury might have concluded that the father was obliged to furnish only the bare necessities to sustain life. The word "ordinary" is synonymous with "usual," "customary." The jury must be given credit for knowledge of the usual and ordinary meaning of words, and therefore it could not have been misled by the instruction, as it is not susceptible of the narrow construction put on it by appellant's counsel.

The instructions tendered by appellant and given by the court, taken in connection with all the other instructions in the case, fairly and fully state the law, as the instructions must be taken as a whole, and separate instructions should not be selected and held to be erroneous, if an omitted point is covered by other instructions in the case.

Exceptions were saved by appellant to the admission of certain evidence tendered by appellee and admitted by the court. Exceptions were also saved by appellant to the refusal of the court to admit certain evidence tendered, but as no specific objection is pointed out, and this court finds none in the rulings of the trial court, no error can be predicated thereon.

The jury returned a verdict for $3,000. Objection is made that the amount is excessive. The court cannot say that the damages awarded by the jury are excessive. Damages assessed by the jury will not be considered as excessive unless they are such as to induce the belief that the jury in awarding them acted from prejudice, passion, partiality or corruption. *Indian-*

*apolis Traction, etc., Co.* v. *Smith, supra; Toledo, etc., R. Co.* v. *Pavey* (1906), 39 Ind. App. 284, 79 N. E. 529; *City of Columbus* v. *Allen* (1907), 40 Ind. App. 257, 81 N. E. 114.

The evidence supports the verdict. The motion for a new trial was properly overruled.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 401. See, also, under (1) 36 Cyc. 1573; (2) 29 Cyc. 570; (3) 36 Cyc. 1600; (4) 16 Cyc. 1081; (5) 38 Cyc. 1667; (6) 36 Cyc. 1632; (7) 36 Cyc. 1521; (8) 13 Cyc. 385; (9) 38 Cyc. 1778; (10) 2 Cyc. 1044; (11, 12) 13 Cyc. 375. As to the negligence in dealing with children, see 49 Am. St. 406. As to the measure of damages recoverable by a parent for the death of a minor child by wrongful act, see Ann. Cas. 1912 C 58. On the right of persons in charge of train to presume that child will get out of danger, see 6 L. R. A. (N. S.) 283. As to the question of negligent operation of train at crossing as ground of liability for killing or injuring child, incapable of contributory negligence, that was aware of train's approach, see 34 L. R. A. (N. S.) 645.