PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILROAD COMPANY *v.* HOFFMAN.

[No. 12,633.   Filed March 16, 1927.   Rehearing denied June 28, 1927.
Transfer denied July 12, 1928.]

*G. E. Ross,* for appellant.
*Oren W. Dickey, Alfred Hogston* and *V. Ed Funk,* for
appellee.

McMAHAN, C. J.—Complaint by appellee in two
paragraphs.   The first paragraph alleges that appellant
owns and operates a double-track line of railroad through
Gas City, where it crosses a public highway in said city,
known as South H street; that, at the time in question,

appellant maintained an electric gong or bell on the south side of the street and west of the west track at said crossing for the purpose of warning travelers on the street of the approach of trains; that on July 24, 1923, about 8:20 p. m., appellee, while traveling on said street, approached the crossing from the west; that a west-bound freight train was then going northwest on the east track and she stopped about five feet west of the west track in the street until the freight train passed over the crossing, after which she started to cross and was struck by a locomotive drawing a train of cars going southeast on the west track and injured; that it was so dark that the city street lights were burning, but there was no light at or near said crossing; that an electric headlight on a locomotive would have shone across the crossing, but that the locomotive which struck her was equipped with a dim oil lamp and shed no light in front as it traveled over the crossing; that the electric gong placed there to warn travelers did not ring or sound; that appellants' employees in charge of said locomotive did not blow the whistle, ring the bell, or give any signal to warn appellee of the approach of said locomotive, but carelessly and negligently ran and operated the same over the crossing, and against her, without any warning, at the rate of thirty miles an hour; that her home was near said crossing and she was in the habit of passing over the same both night and day, and had observed that at night appellant's locomotives were equipped with bright electric head lights; that she was accustomed to the warning given of approaching trains by the bright lights, the blowing of the whistle and ringing of the bell on the locomotive, all of which were absent at the time in question, and that, by reason of the alleged negligence of appellant, she was struck by the locomotive and severely injured.

The second paragraph seeks to recover for the death

of a minor son of appellee and the negligence relied on is the same as alleged in the first paragraph.

Demurrer to each paragraph being overruled, appellant filed an answer of general denial. A trial by jury resulted in a verdict and judgment for appellee for $4,500.

Appellant contends the court erred in overruling its demurrer to each paragraph of complaint and in overruling its motion for a new trial. The contention of appellant is that the facts alleged fail to show it was under any legal duty to protect appellee from the injury of which complaint is made; that such facts do not show any specific legal duty owed by appellant to appellee which was not performed; that the facts alleged do not show any failure on the part of appellant to perform any legal duty which it owed to appellee was the proximate cause of her injury. Other contentions along the same line are made, but there is no merit in any of them, and this opinion will not be extended to set them out. It is hardly conceivable that the learned counsel for appellant has overlooked the allegation in each paragraph of the complaint wherein it is alleged that:

"At no time did defendant, its servants, agents, or employees, in charge of said train ever blow the whistle for said crossing, nor did it or they ever sound the gong or bell on said locomotive as the engine approached said crossing, nor did the defendant, its servants or employees in any manner give this plaintiff or her son any signal to warn them of the approach of said locomotive to and on said crossing."

The complaint alleges that appellee and her son were travelers on the public highway, and that the injury to one and the death of the other was caused by the negligence alleged in the complaint. Counsel for appellant

seemingly has forgotten or overlooked the fact that we have a statute in this state making it the duty of every railroad operating in this state to equip every locomotive with a whistle and bell, and which requires the person in charge of such locomotive, when such engine approaches a crossing, to give certain signals. We direct his attention to §§13006 and 13038 Burns 1926. We also direct the attention of appellant's counsel to the following cases in each of which he was the attorney for the appellant. *Pittsburgh, etc., R. Co.* v. *Terrell* (1911), 177 Ind. 447, 95 N. E. 1109; *Pittsburgh, etc., R. Co.* v. *Lambert* (1922), 79 Ind. App. 133, 137 N. E. 560; *Pittsburgh, etc., R. Co.* v. *Tatman* (1919), 72 Ind. App. 519, 122 N. E. 357; *Pittsburgh, etc., R. Co.* v. *Baughn* (1919), 70 Ind. App. 333, 123 N. E. 422. There was no error in overruling the demurrer to the complaint.

In support of its contention that the verdict is not supported by sufficient evidence, appellant insists that the undisputed evidence shows it was not in possession of or operating either the railroad on which the accident occurred or the train or locomotive that caused the injuries mentioned in the complaint. Its contention is that the evidence without conflict shows that "The Pennsylvania Railroad Company" was the guilty party. This cause has been tried twice. · No evidence was introduced on the first trial to the effect that the latter company was the party responsible for the accident. On the second trial, which was more than two years after the accident, and after the statute of limitations had run as to the Pennsylvania Company, one witness for appellant testified that appellant had nothing to do with the operation of the railroad in question or of the trains thereon at the time of the injury to appellee and her son; that appellant had ceased to operate trains over the road about a year before the accident; that, at the time of the accident, the road was

operated by "The Pennsylvania Railroad Company" as lessee of the holding company, which was "The Pennsylvania Company." In opposition to the testimony of this witness, the third, fourth, and fifth paragraphs of the answer of appellant, which had been stricken out on motion, were read in evidence. Each of these paragraphs of answer alleged that the "defendant's railroad, at the time and place" referred to in the complaint, and on the day of the accident in question, consisted of two main tracks, the east track being used by "defendant" as its west-bound track, and the other being used by "defendant" as its east-bound track; that, as appellee and her son on the occasion of the accident aproached the "west track, and upon which defendant ran its east-bound trains," a freight train approached on the west-bound track and prevented them from crossing, and while they were waiting for the west-bound train to pass, another train, which was approaching from the west on the east-bound track, struck and injured appellee and her son.

The jury evidently accepted the statement of ownership by appellant of the railroad track on which appellee was injured, as contained in each of these three paragraphs of answer, in preference to the testimony of the witness heretofore referred to. The jury had the right to consider the allegation of ownership in these answers as an admission that appellant was the owner of the railroad and that it was operating the locomotive that struck and injured appellee. We cannot disturb this verdict on account of the insufficiency of the evidence. No reversible error is shown in the giving or the refusal to give instructions.

Judgment affirmed.

Dausman, J., absent.