Craig *v.* Bennett.

## CRAIG *v.* BENNETT.

[No. 3,700.   Filed December 18, 1901.]

APPEAL AND ERROR.—*Transfer of Cause to Supreme Court.*—Under the provision of §1337j Burns 1901 that if a petition for a rehearing is filed by the losing party, and such petition is overruled, the clerk shall not certify the "opinion and judgment" in said case to the lower court until the expiration of thirty days from the date of said ruling, and such losing party may, at any time within thirty days after his petition for a rehearing has been overruled, file in the Supreme Court an application for the transfer of the cause to the Supreme Court on the ground that the opinion of the Appellate Court contravenes a ruling precedent of the Supreme Court, or that a new question of law is directly involved and was decided wrong, an application to transfer will be denied where the Appellate Court affirmed the judgment without a written opinion. *pp. 10–14.*

SAME.—*Appellate Court.—Written Opinions.*—Section 1337q Burns 1901 makes it the duty of the Appellate Court to file a written opinion only where the judgment of the trial court is reversed. *pp. 11, 12.*

SAME.—*Appellate Court.—Written Opinions.—Constitutional Law.*—The Appellate Court is not controlled by article 7, §5 of the Constitution which provides that "the Supreme Court shall upon the decision of every case, give a statement in writing of each question arising in the record of such case and the decision of the court · thereon." *p. 12.*

From Marshall Circuit Court; *A. G. Wood,* Special Judge.

A judgment in favor of defendant was affirmed by the Appellate Court without a written opinion (27 Ind. App. 704) and appellant makes application for the transfer of the cause to the Supreme Court. *Application denied.*

*J. D. McLaren,* for appellant.

*S. Parker* and *C. P. Drummond,* for appellee.

JORDAN, C. J.—Appellant in the above cause has filed and presented his application whereby he seeks to have the appeal transferred from the Appellate to the Supreme Court. In his application he alleges the following facts: On May 8, 1901, the Appellate Court affirmed the judgment below without giving any opinion in writing whereby the reasons of the court for the judgment of affirmance are disclosed. On the 11th day of October following, that court denied appellant's petition for a rehearing. On November 6th he filed his application in question on the grounds: (1) "That the decision of the Appellate Court in affirming the judgment contravenes ruling precedents or decisions of the Supreme Court, namely, *Davis* v. *Cox,* 6 Ind. 481, and *Popijoy* v. *Miller,* 133 Ind. 19"; and, (2) "that a new question of law is directly involved in the cause, and that said question was decided erroneously by the Appellate Court."

The applicant, in his argument in support of his application, makes the following statement: "The Appellate Court not having handed down an opinion with its decision affirming the judgment, nor with its decision overruling appellant's petition for rehearing, we are left in ignorance of the grounds and authorities upon which it predicated its decision." Under the circumstances, we are equally as ignorant in respect to the grounds and authorities upon which the judgment or decision of the Appellate Court is based as is the applicant or his counsel. We are urged, however, to consider the facts and questions as presented by the record, and the authorities cited by the respective parties in their briefs filed in the Appellate Court, and upon these deter-

mine the questions involved, and order the transfer of the cause to the docket of this court, in pursuance of subdivision 2 of §10 of an act of the legislature entitled "An act concerning appeals," etc., approved March 12, 1901, Acts 1901, p. 565, §1337j Burns 1901, §6565f Horner 1901, which provides as follows: "If a petition for a rehearing is filed by any losing party in any case in either of said divisions of the Appellate Court and said petition is overruled, the clerk of said court shall not certify the opinion and judgment in said case to the lower court until the expiration of thirty days from the date of said ruling. Said party may, at any time within thirty days after his petition for a rehearing has been overruled, file in the Supreme Court an application for the transfer of the case to the Supreme Court on the ground that the opinion of said division of the Appellate Court contravenes a ruling precedent of the Supreme Court, or that a new question of law is directly involved and was decided erroneously."

It is evident, we think, that, when tested by the statute under which the transfer of this cause is requested, the application must be denied, for the reason that there is no opinion or statement in writing on the part of the Appellate Court, disclosing its views in regard to the law as applied by it to the case, or detailing the reasons on which the judgment of affirmance is based. In *Barnett* v. *Bryce Furnace Co.*, 157 Ind. 572, we said: "The plain purpose of the subdivision in question, however, was not to give this court jurisdiction to determine whether the facts in cases which are not appealable here as a matter of right have been correctly understood and stated by the Appellate Court, but to authorize this court to control the declaration of legal principles."

By §13 of the act by which the Appellate Court was originally created, Acts 1891, p. 39, it was provided: "In every case reversed, an opinion shall be given upon the material questions therein in writing, stating the reasons, and judg-

ment shall be entered with directions therein to the lower court, as required of the Supreme Court in such cases, and the opinion and judgment shall be certified to the court below." Section 17 of the act of 1901, Acts 1901, p. 570, provides: "In every case reversed by a division of the Appellate Court, an opinion shall be given on the material questions therein in writing, and the appropriate judgment shall be entered with directions to the lower court," etc.

It must be evident that this section of the statute of 1901, which section is virtually a substitute for §13 of the act of 1891, makes it the duty of the Appellate Court to give and file a written opinion on each material question involved and duly presented in the appeal, only when the judgment of the trial court is reversed. If the judgment is affirmed, the court is not, under the law, required to give a written opinion disclosing the reasons for the judgment of affirmance. It may, however, in the exercise of its discretion, if it deems the questions presented of sufficient importance, do so; but in regard to that question the legislature has left that court alone to determine.

The Appellate Court, in the determination of appeals therein pending, is not controlled by §5, article 7 of the Constitution of this State which provides that "The Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case and the decision of the court thereon."

The next inquiry is, what did the legislature mean or intend by the term "opinion" as employed in subdivision 2 of §10 of the act of 1901, in providing that the losing party in the Appellate Court might apply to the Supreme Court for the transfer of a cause from the former court to the latter "on the ground that the *opinion* of said division of the Appellate Court contravenes a ruling precedent of the Supreme Court, or that a new question of law is directly involved and was decided erroneously?" (Our italics.) What did the legislature contemplate should be accepted and considered

upon such application by the Supreme Court as evidence or test by which the latter court might decide whether or no the ground or reason alleged in the application for transfer is sustained? It is evident, we think, that the word "opinion" is used in the statute in a technical or legal sense, and is not employed therein in the sense of, or in the place of, the terms "decision" or "judgment." We are confirmed to an extent in this latter view by the fact that in two instances, at least, in §10, the phrase, "opinion and judgment," occurs, the two words being conjoined by the conjunction "and," thereby indicating that the term "opinion" was not used in the sense of "decision" or "judgment." That eminent jurist, Judge Field, in *Houston* v. *Williams,* 13 Cal. 24, in distinguishing the terms opinion, and decision, says: "The terms 'opinions' and 'decisions' are often confounded, yet there is a wide difference between them, and in ignorance of this, or by overlooking it, what has been a mere revision of an opinion, has been sometimes regarded as a mutilation of a record. A decision of the court is its judgment, the opinion is the reasons given for that judgment. The former is entered of record immediately upon its rendition, and can only be changed through a regular application to the court, upon a petition for a rehearing, or a modification. The latter is the property of the judges, subject to their revision, correction, and modification, in any particular deemed advisable, until, with the approbation of the writer, it is transcribed in the records."

The term "opinion," in a legal sense, so far as it applies to judges and courts, has a well-defined meaning. In law, Webster's Int. Dict. defines the word to mean "the expression of views of the judge," etc. Bouvier's Law Dict. defines the word opinion in practice to be "a statement of reasons delivered by a judge or court for giving the judgment which is pronounced upon a case." Black's Law Dict. defines the term to mean "The statement by a judge or court of the decision reached in regard to a cause tried or argued

before them, expounding the law as applied to the case, and detailing the reasons upon which the judgment is based."

In the sense and meaning as above defined and well understood in legal parlance, the term "opinion" is used in the statute in question. It certainly follows that, before we are authorized under the statute to determine whether the ground or reason alleged in an application for the transfer of a cause from the Appellate to the Supreme Court is sustained, there must have been given and filed in the former court in the particular case, a written opinion or statement whereby the law as applied by that tribunal in deciding the case is exposed, and the reasons for reversing or affirming, as the case may be, the judgment of the trial court, are given. The statute in question, upon a fair and reasonable interpretation thereof, requires that we look to and examine the written opinion of the Appellate Court in order to determine whether the ground or reason assigned for the transfer is sustained, and does not require that we shall examine the record and briefs of the parties, as filed in the Appellate Court, in deciding upon the ground alleged for the transfer. As the application discloses that no written opinion whatever was given by the Appellate Court, therefore, the applicant has nothing upon which to base his application, and consequently, under the circumstances, we are not in a position to decide the questions which he seeks to present.

The application is, therefore, denied.