DECKARD ET AL. *v*. TRUSTEES OF INDIANA UNIVERSITY.

[No. 14,072. Filed September 4, 1930. Rehearing denied January 30, 1931.]

*Vernon & Vernon,* for appellants.
*Edwin Corr* and *Regester & Regester,* for appellees.

LOCKYEAR, J.—This is an appeal from an award of the Industrial Board of Indiana. The facts found by the Board were in substance as follows:

On June 19, 1928, one Kenneth Deckard was in the employ of the trustees of Indiana University at an average weekly wage of $21.60. On said date, he received an accidental injury as the result of a stroke of lightning which resulted in his instant death.

The deceased left surviving him his widow, Iva Deckard, and Norman Lee Deckard, his son, both of whom were residing with him at the time of his death and wholly dependent upon him for support.

The deceased was employed by the appellee to cut sod on the farm of appellee and went from his place of employment to a nearby tree to seek shelter from the rain, and, while under said tree, the same was struck by lightning and he was killed, and the board found from the evidence that the injury and death of the deceased was not the result of an accident arising out of his said employment and denied an award of compensation. The appellants duly excepted and this appeal followed. There is no dispute as to the facts found. The deceased was in the employ of the appellees at the time of his death, but was deceased's death the result of an accident arising out of his employment?

It does not suffice that the deceased was injured while in the course of his employment. It must further appear that his injury arose out of such employment. It must appear by a preponderance of the evidence that there is some causative connection between the injury and some-

thing peculiar to the employment. It must arise out of some causative danger peculiar to the work and not common to the neighborhood. The words "out of" involve the idea that the accident is in some sense, due to the employment. *Socha* v. *Cudahy Packing Co.* (1921), 105 Nebr. 691, 181 N. W. 706, 13 A. L. R. 513; *Hulley* v. *Moosbrugger* (1915), 88 N. J. Law 161, 95 Atl. 1007; *Larke* v. *Hancock Mutual Life Ins. Co.* (1915), 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E 584.

Among the leading lightning cases in which compensation was denied are the following: *Klawinski* v. *Lake Shore, etc., R. Co.* (1914), 185 Mich. 643, 152 N. W. 213; *Wiggins* v. *Industrial Accident Board* (1917), 54 Mont. 335, 170 Pac. 9; *Thier* v. *Widdefield* (1920), 210 Mich. 355, 178 N. W. 16; *Alzina Construction Co.* v. *Industrial Com.* (1923), 309 Ill. 395, 141 N. E. 191; *Gale* v. *Krug Park Amusement Co.* (1926), 114 Nebr. 432, 208 N. W. 739, 46 A. L. R. 1213; *Hoenig* v. *Industrial Commission* (1915), 159 Wis. 646, 150 N. W. 996; *Griffith* v. *Cole Bros.* (1918), 183 Iowa 415, 165 N. W. 577.

There are cases where death by lightning is compensable. When the workman, by reason of his employment, is more exposed to injury by lightning than are others in the same locality and not so engaged, the injury may be said to arise out of the employment. *State, ex rel.,* v. *District Court* (1915), 129 Minn. 502, 153 N. W. 119; *Aetna Life Ins. Co.* v. *Industrial Commission* (1927), 81 Colo. 233, 254 Pac. 995; *De Luca* v. *Park Commission* (1919), 94 Conn. 7, 107 Atl. 611; *United States Fid. & Guar. Co.* v. *Rochester* (1926), 281 S. W. (Texas) 306; *In re Maudry* v. *City of New York* (1924), 238 N. Y. 214, 144 N. E. 505; *Emmick* v. *Hanrahan Brick & Ice Co.* (1923), 206 App. Div. 580, 201 N. Y. Supp. 637.

In the case of *Netherton* v. *Lightning Delivery Co.* (1927), 32 Ariz. 350, 258 Pac. 306, the court, by way

of an extreme illustration, says: "If workmen were engaged in repairing the summit of the Washington monument or the Eiffel Tower during a thunder storm and were injured by lightning while so doing, it would very properly be said that the risk in such employment of injury by lightning was greater than of ordinary persons in Washington and Paris." But the standard of test in these facts is always the same, *Did the employment increase the danger?*

In the case of *Wiggins* v. *Industrial Accident Board, supra,* the laborer was required to work on a steel road grader during a storm. He was killed by lightning. It was held that his death did not arise out of the employment.

In *Alzina Construction Co.* v. *Industrial Commission, supra,* where a workman was killed by lightning when near the building, while wheeling cement on trucks from a car to a building 20 feet high, the Supreme Court of Illinois held that the evidence did not show any causal connection between the accident and the work, or that the place of employment exposed deceased more to the risk of being struck by lightning than any other person in any other employment in the locality.

In *Griffith* v. *Cole Bros., supra,* an employee was killed by lightning while sitting in a tent in a place where the ground was saturated with water. There was no floor in the tent and there were no lightning rods or arresters and the tent was *higher* than surrounding objects. Near the tent was a wire fence and also a pile of steel rods. It was not shown in what direction or manner the lightning came into the tent. The court held that while it was shown that metal and wet grounds were conductors of electricity, there was no causal connection shown between the conditions which existed and the resulting injury.

In *Slanina* v. *Industrial Commission* (1927), 117 Ohio St.

329, 158 N. E. 829, the Supreme Court of Ohio (in its syllabus) said: "In case an employee, in the discharge of the duties of his employment, is injured as a result of the unexpected violence of the forces of nature, to wit: 'a destructive tornado' (or lightning) where his duties do not expose him to a special or peculiar danger from the elements which caused the injury, greater than other persons in the community, such employee is not entitled to compensation under the Workmen's Compensation Act." In the same case, the court further said: "A tornado (and also lightning) is one of the forces of nature which man cannot foresee and prevent, and an employee is ordinarily no more subject to injury from such source than are others; the nature of the employment not subjecting him to any more peculiar risk than any other member of the public might have been subjected to if he had been at the same place at the same time that the accident occurred. In other words, risks to which all persons similarly situated are equally exposed, whether in the employment or not, and not traceable in some special degree to the particular employment are such as are not compensable under the statutes of this state."

In *Gale* v. *Krug Park Amusement Co., supra*, where, in an unprecedented windstorm, a building in which an employee, a painter, had stored paints therein and had taken refuge from the storm, was blown from its foundation, a recovery was denied because the injury was attributable to a peril to which the public in general was exposed.

In *Klawinski* v. *Lake Shore, etc., R. Co., supra*, a section man was killed by lightning while in a barn in which he had taken refuge from a storm at the direction of his foreman. The court held there was no right of recovery.

In *Their* v. *Widdifield, supra*, it was held that a workman struck by lightning while standing in the doorway

of his employer's barn waiting for the storm to subside was not subjected to an exceptional risk or hazard.

As was said in the case of *Netherton* v. *Lightning Delivery Co.*, *supra:* "While the Workmen's Compensation Law is liberal in the highest degree in protecting those coming within its purview against industrial accidents, it is not intended to provide general insurance against death or injury under all conditions."

Under the facts of this case, the Industrial Board was justified in finding that the accident did not arise out of the employment; therefore, the award is affirmed.