MYERS *v.* NEWCOMER ET AL.

[Filed December 30, 1930.]

*William Bosson* and *Clark & Kahl,* for appellant.
*Charles E. Cox* and *Otis E. Gulley,* for appellees.

MARTIN, J.—The Appellate Court of Indiana on July 3, 1930, purported to decide this case, its decision reading as follows: "Per Curiam.—Judgment affirmed." On November 13, 1930, a petition for rehearing was denied. The appellant, on December 13, filed a motion and petition to transfer the case to this court, and briefs thereon have been filed by both parties.

The appellees in their brief (citing *Craig* v. *Bennett* [1901], 158 Ind. 9, 62 N. E. 273, and other cases), say that where the Appellate Court affirms a judgment without a written opinion, no basis can be presented to invoke the power of the Supreme Court to transfer the case. The question thus arises here, as in *Hunter* v. *Cleveland, etc., R. Co.* (1930), *ante* 328, 174 N. E. 287, decided concurrently herewith, as to whether a party to an appeal in the Appellate Court has a right guaranteed by the Constitution or provided by statute to have a written opinion or statement in writing of the material questions arising in the record thereof.

In *Hunter* v. *Cleveland, etc., R. Co., supra,* we decided that §15, ch. 247, Acts 1901, §1351 Burns 1926, enjoins upon the Appellate Court the same duty, with regard to giving "a statement in writing of each question arising in the record of such [every] case and the decision of the court thereon," which is by §5, Art. 7, Constitution 1851, §172 Burns 1926, enjoined upon the Supreme Court.

The appellant in her brief supporting the petition to transfer states that a question of rights guaranteed by the state Constitution is involved in this appeal (which question is within the jurisdiction of the Supreme Court and not within the jurisdiction of the Appellate Court §1356 Burns 1926), and that such fact was brought to the attention of the Appellate Court. §1359 Burns 1926 provides that: "If any case is erroneously appealed to the wrong court, that court shall make an order for its transfer to the proper court, and the appeal shall stand as if originally filed in the right court."

The clerk is directed to provide the Chief Judge of the Appellate Court of Indiana with a copy of this opinion.

It follows from what has been stated that there has been no decision and judgment in this cause by the Appellate Court in the manner directed by §5, Art. 7, Constitution 1851, §172 Burns 1926 and §1351 Burns 1926, that the cause is still pending in that court, either for a proper decision or for transfer under the provisions of §1359 Burns 1926. The petition to transfer (under §1357 Burns 1926) is dismissed.

Travis, J., dissenting.