## SLUSS *v.* THERMOID RUBBER COMPANY.

[Filed December 30, 1930.]

*E. E. Sluss* and *Henry M. Dowling,* for appellant.
*Pickens, Cox, Conder & Bain,* for appellee.

MARTIN, J.—The Appellate Court of Indiana on December 8, 1926, reversed the judgment of the Boone Circuit Court in this case, in an opinion which is unofficially reported in 154 N. E. 292. Thereafter, the Appellate Court granted the appellee's petition for a rehearing, and, on April 8, 1927, without rendering any opinion or written decision, made the following entry: "Per Curiam.—Judgment Affirmed."

The appellant, within 60 days thereafter, filed a petition for rehearing and also a separate request that the Appellate Court furnish a written opinion as to its ruling on his petition for a rehearing. The court did not act upon the request, but, on June 30, 1927, denied the petition for a rehearing without an opinion, and thereafter, within 30 days, the appellant filed in the Supreme Court his petition for the transfer of the case to this court.

Upon the authority of *Craig* v. *Bennett* (1901), 158 Ind. 9, 62 N. E. 273, appellant's petition for transfer was denied February 15, 1928, and, on February 5, 1929, a motion for rehearing on such ruling was denied. Appellant also sought to present to this court the alleged errors of the trial court (and of the Appellate Court in affirming such judgment), by a petition for a writ of error, but this cannot be done. *Pittsburgh, etc., R. Co.* v. *Hoffman* (1928), 200 Ind. 178, 162 N. E. 403.

The questions presented upon the petition to transfer and also upon the petition for a writ of error were argued at length by both parties in briefs and in an oral argument which was had upon the court's own motion. On April 19, 1929, upon consideration of a petition for

reconsideration filed by appellant, the court, doubting the correctness of the rule laid down in *Craig* v. *Bennett, supra,* and pending further deliberation upon whether that case should be overruled, issued a restraining order preventing action in the lower court upon certification to it of the order theretofore entered by the Appellate Court.

In that situation, the cause has rested until this time, when, upon consideration, in connection with petitions to transfer in the cases of *Hunter* v. *Cleveland, etc., R. Co.* (1930), *ante* 328, 174 N. E. 287, and *Myers* v. *Newcomer* (1930), *ante* 335, 174 N. E. 290, a conclusion has been reached. This conclusion, which is stated fully in the Hunter case, is that the Appellate Court, by the provisions of §15, ch. 247, Acts 1901, §1351 Burns 1926, and §5, Art. 7, Constitution 1851, §172 Burns 1926, is required to give "a statement in writing of each question arising in the record of such (every) case and the decision of the court thereon."

It follows that there has been no decision and judgment in this cause by the Appellate Court in the manner provided by law, and that the cause is still pending in that court for a proper decision.

The appellant's application for a writ of error is denied. His motions for reconsideration and for rehearing on the action of the court in denying his petition to transfer are sustained.

A petition to transfer being authorized only after a decision and judgment have been rendered in the manner provided by law and a petition for rehearing of the same has been overruled, the appellant's petition to transfer is dismissed.

The clerk is directed to provide the Chief Judge of the Appellate Court of Indiana with a copy of this opinion.

Travis, J., dissenting.