HUNTER ET AL. *v.* CLEVELAND, CINCINNATI, CHICAGO
AND ST. LOUIS RAILWAY COMPANY.

[Filed December 30, 1930.]

*Clinton H. Givan* and *Albert Bristor*, for appellants.
*Frank L. Littleton, Forrest Chenoweth, H. N. Quigley,
S. W. Baxter* and *C. P. Stewart*, for appellee.

MARTIN, J.—The Appellate Court of Indiana, on May 21, 1930, purported to decide this case, its entry reading as follows: "Per Curiam.—Affirmed." The appellants, within 60 days thereafter, filed a petition for rehearing, in which they requested the Appellate Court to state the reasons why it had affirmed the decision of the trial court, which petition was overruled July 30.

On August 28, the appellants filed in this court a petition (application) for the transfer of the case to the Supreme Court. The appellee has filed a motion to dismiss this petition on the ground that, since the Appellate Court wrote no opinion when it affirmed the judgment, its opinion does not (1) contravene any ruling precedent of the Supreme Court or (2) decide any new question of law erroneously (which are the only grounds that can

be relied upon in a petition for transfer under subd. 2, §1357 Burns 1926).

A question thus arises, which we shall consider, viz.: Does a party to an appeal in the Appellate Court have a right guaranteed by the Constitution or provided by statute to have a written opinion or statement in writing of the material questions arising in the record thereof?

The Constitution of 1816 contained no provision requiring the Supreme Court to render any of its decisions or opinions in writing, but §26, ch. 1, of the acts of 1816 provided that:

> "the opinions and determinations of the Court shall be delivered in writing, except in cases and on subjects of an unimportant nature, which opinions and determinations shall be recorded by the clerk in a book kept for that purpose."

This provision was incorporated substantially in §89, ch. 37, Revised Statutes 1843 p. 639.

The debates of the Constitutional Convention of 1850 indicate (vol. 2, p. 1862) that there was a continued disregard of this statute by the Supreme Court[1] which

---

[1]Mr. Thomas W. Gibson of Clark County, in offering this section, said: "The object I have in view is to put an end to a species of dodging questions which has been practiced in our Supreme Court from its organization, and which has increased, from year to year, until it has become an intolerable evil.

"You try a cause before the Circuit Court involving large interests, or perhaps, liberty or life. The various questions of law arising on the trial, are placed upon the record, and the losing party brings his case to the Supreme Court for the purpose of having those questions passed upon by the highest judicial tribunal of the State. The Supreme Court will, in some instances, affirm the judgment of the court below without giving any opinion in writing upon the questions involved; in other cases they will decide some one of the questions, reverse the case and leave the other points untouched. The case goes back to the Circuit Court to be tried over again, and again brought back to the Supreme Court, upon the very questions that they ought to have decided at first. . . .

"The section I offer does not require of the court a long argumentative opinion—about that the judges can consult their own taste. All that it requires is that they shall, in all cases, state what they do decide, and I think that the universal experience of the bar will bear witness to the necessity of some provision of the kind."

resulted in the adoption of §5, Art. 7, Constitution 1851, §172 Burns 1926. This section reads as follows:

> "The Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case and the decision of the court thereon."

Six years later, this court, in *Willets* v. *Ridgeway* (1857), 9 Ind. 367, said that such provision should receive a construction which would "obviate its inconvenience and objectionable character, as far as consistently can be done,"[2] and held that "a question arising in the record" (within the meaning of those words as used in the Constitution) must be "a question, the decision of which is necessary to the final determination of the cause; and which the record presents with a fullness and distinctness rendering it possible for the court to comprehend it in all its bearings."

Section 15, ch. 247, Acts 1901, §1351 Burns 1926 (a substantial re-enactment of §12, ch. 37, Acts 1891—the act creating the Appellate Court) provides that:

> "Appeals to the Appellate Court shall be taken in the same manner and with the same effect and subject to the same limitations and restrictions as are now or hereafter may be provided in case of appeals to the Supreme Court. . . . The rules of court, pleadings, practice and proceedings in cases assigned or transferred to said divisions [of the Appellate Court] shall be the same as provided by or for the Supreme Court."

Section 17, ch. 247, Acts 1901, §1361 Burns 1926 (a

---

[2]The court then observed (*Willets* v. *Ridgeway, supra,* at p. 369): "It is true that the Constitution, by an unwise provision, requires that this court shall give a written opinion upon every point arising in the record of every case—a provision which, if literally followed, tends to fill our reports with repetitions of decisions upon settled, as well as frivolous, points, and often to introduce into them, in the great press of business, premature and not well considered opinions, upon points only slightly argued; yet it is a provision not to be disregarded, though merely directory, like that requiring the legislature to use good *English.*"

substantial re-enactment of §13, ch. 37, Acts 1891[3] the act creating the Appellate Court) provides that:

> "In every case reversed by the Appellate Court an opinion shall be given on the material questions therein in writing and the appropriate judgment shall be entered with directions to the lower court," etc.

By the provisions of §1351 Burns 1926, *supra* (that appeals to the Appellate Court are subject to the same limitations, restrictions, rules and proceedings as are appeals to the Supreme Court) the requirement of §5, Art. 7, Constitution 1851, §172 Burns 1926 (that a statement in writing be made in the decision of cases appealed to the Supreme Court) is, by statute, extended to the cases appealed to the Appellate Court.

In *Houston* v. *Williams* (1859), 13 Cal. 24, 73 Am. Dec. 565, it was held that a legislature has no power to impose such a requirement on the courts. This question seems not to have been raised elsewhere (except in *Speight* v. *People, ex rel.* [1877], 87 Ill. 595, and *Vaughn* v. *Harp* [1886], 49 Ark. 160, 4 S. W. 751), although statutory provisions (as well as constitutional provisions), requiring written decisions or opinions are not uncommon.[4]

---

[3]In the 1891 act, it was provided that: "In every case reversed, an opinion shall be given upon the material questions therein in writing, stating the reasons," etc. §13, p. 42, Acts 1891.

[4]CONSTITUTIONAL PROVISIONS: "All decisions of the (Supreme) Court shall be in writing and the grounds of the decision shall be stated." Ariz. Const. Art. 6, §2; Cal. Const. Art. 6, §2; Wash. Const. Art. 4, §2. "When a judgment or decree is reversed, . . . or affirmed by the Supreme Court . . . the reasons therefor shall be stated . . . in writing." Va. Const. Art. 6, §90; Utah Const. Art. 8, §25. "When a judgment or decree is reversed or confirmed by the Supreme Court, every point fairly arising upon the record of the case shall be considered and decided, and the reasons therefor shall be concisely stated in writing," . . . N. Dak. Const. §101. "In all cases decided by the (Supreme) Court it shall give its decision in writing . . . together with headnotes briefly stating the points decided." Minn. Const. ch. 5, §134. "Decisions of the Supreme Court, including all cases of *mandamus, quo warranto* and *certiorari*, shall be in writing, with a concise statement of facts and reasons for the decisions." Mich. Const. Art. 7, §7. "The opinions of the (Supreme) Court shall be in

The requirement of our Constitution in this regard is onerous and burdensome, but it was placed in our basic law to cure an abuse that had occurred, and that ■ is apt to occur when a court of appeal is not required to give reasons for its decisions, nor even to state what the questions are which are involved and its decision thereon.[5] The Legislature may prescribe reasonable regulations and restrictions for the appeal of cases, and we cannot say that it is unreasonable to provide that

writing" . . . Mo. Const. Art. 6, §15. "In every case an opinion in writing shall be filed within three months after the argument or submission of the cause." Md. Const. Art. 4, §15. (Provision for written opinions to be given by Supreme Court to the Governor or the legislature upon important questions of law and upon solemn occasions are made in Mass. Const. Art. 146 Judicial Dept.; R. I. Const. Art. 7, §2; Colo. Const. Art. 6, §2.)

STATUTORY PROVISIONS: "Decisions in writing" in all cases are required of Supreme Court by: Idaho, §6446 Compiled Statutes 1919, Ill. ch. 37, §25, R. S. 1927, N. D. §7343 Compiled Laws 1913; Utah, §6995 Compiled Laws 1917; Wis. §2410 Statutes 1921. The Idaho statute provides that: "If a new trial be granted the court shall pass upon and determine all questions of law involved in the case presented upon such appeal and necessary for the final determination of the case."

"All opinions and decisions rendered by the Supreme Court" are required to be in writing by Nevada, §4839, Rev. Laws 1912, and "a written synopsis of the points decided" is required by Ga. §6202 Code.

"Written opinions" in all cases are required of Supreme Court by: N. H. §1290 Public Laws 1926; Tenn. Art. 5, §5735 Anno. Code 1918. All opinions of the Illinois Appellate Court are required to be "reduced to writing, briefly giving the reasons for such opinion or decision." Ill. ch. 37, §49, R. S. 1927. Written opinions "stating the reasons upon which the decision is made" are required "in all cases settling important principles, in cases . . . where the judgment or decree of the court below is reversed, and in all felonies where the punishment prescribed is 10 years or more." Miss. §3399 Anno. Code 1927. Written opinions shall be delivered in all cases (in Supreme and certain other courts) "if either party by himself or counsel require it." Penna. §17287 Statutes 1920.

[5]In this connection it is interesting to note the following, which is an extract from the 19th Canon of Judicial Ethics adopted by the American Bar Association on July 9, 1924, published in American Bar Association Reports (1929) vol. 54, p. 927: "In disposing of controverted cases a judge should indicate the reasons for his action in an opinion showing that he has not disregarded or overlooked serious arguments of counsel. He thus . . . avoids suspicion of arbitrary conclusion . . . and may contribute useful precedent to the growth of the law. . . . But the volume of reported decisions is . . . so rapidly increasing that in writing opinions that are to be published judges may well take this fact into consideration, and curtail them accordingly. . . ."

the same rule shall govern the Appellate Court which is enjoined by the Constitution upon the Supreme Court.

In *Craig* v. *Bennett* (1901), 158 Ind. 9, 62 N. E. 273 it was held that the requirement imposed by §5, Art. 7, Constitution 1851 upon the Supreme Court does not control the Appellate Court, while §1361 Burns requires that in every case *reversed* by the Appellate Court an opinion in writing must be given on the material points. But the court there apparently failed to take notice of the provisions and effect of §1351 Burns 1926 (then §1337o Burns 1901). If §1351 imposes upon the Appellate Court the duty of giving "a statement in writing of each question arising in the record of such case and the decision of the court thereon" in *all* cases, then §1361, providing that, "in every case reversed by the Appellate Court, an opinion shall be given on the material questions therein in writing," is not sufficient to relieve that court of the duty imposed by §1351 (regarding all cases, which includes cases affirmed). It follows that the decision in *Craig* v. *Bennett, supra,* on this point must be overruled.

The clerk is directed to provide the Chief Judge of the Appellate Court of Indiana with a copy of this opinion, and the attention of that court is respectfully directed to the statements of law made herein.

In the case under consideration, the judgment of the Appellate Court has not been certified to the lower court. It follows from what has been stated that the parties are entitled to a decision and judgment herein by the Appellate Court in the manner directed by §5, Art. 7, Constitution 1851, §172 Burns 1926 and §1351 Burns 1926, that no such judgment has been rendered and that the cause is still pending in the Appellate Court for a proper decision.

The appellees' motion to dismiss appellant's petition to transfer, being founded on the incorrect premise that

a valid decision and judgment was rendered by the Appellate Court, is insufficient and is overruled.

A petition to transfer being authorized only after a valid decision and judgment has been rendered, and a petition for rehearing of the same has been overruled, the appellant's petition is dismissed.

In making the foregoing decision, the court is not unmindful of the fact that, in addition to overruling *Craig* v. *Bennett, supra,* it is, in effect, overruling its former uniform action in denying petitions to transfer in cases where the Appellate Court gave no written decision or opinion. Under the law as stated herein, these former rulings on petitions to transfer are erroneous, but, they must, of necessity, remain the law of those cases. Likewise, in all disposed-of cases in which the Appellate Court has entered judgments of affirmance without written opinions or decisions and such judgments have been certified to the lower court (after the expiration of the time in which they could be attacked), they must remain the law of such cases.

Travis, J., dissents.

Myers, C. J., concurs in the result.