BURKUS *v.* STATE OF INDIANA.
HEYVERESTES *v.* STATE OF INDIANA.

[Nos. 25,263, 25,189.   Filed January 6, 1931.]

*George Sands,* for petitioner Burkus, *Walter R. Arnold* and *W. D. Kurywczak,* for petitioner Heyverestes.

*James M. Ogden,* Attorney General, for the State.

MARTIN, J.—The Appellate Court of Indiana purported to decide these cases by orders reading as follows: "Per Curiam.—Affirmed," without any written opinion

or statement of the points arising therein. Neither appellant filed a petition for rehearing in the Appellate Court, but both filed petitions in this court asking that said appeals be ordered certified to the dockets of this court, and the question arises: Do such appellants in their appeals have a right to have written opinions or statements in writing of the material questions arising in the records and the decision of the court thereon?

This question has recently been answered in the affirmative in the following civil appeals: *Hunter* v. *Cleveland, etc., R. Co.* (1930), *ante* 328, 174 N. E. 287; *Myers* v. *Newcomer* (1930), *ante* 335, 174 N. E. 290, and *Sluss* v. *Thermoid Rubber Co.* (1930), *ante* 338, 174 N. E. 291. In criminal appeals, there is an additional reason, to which we will now refer, for holding that the Appellate Court must in these cases give an opinion in writing.

At the next session of the General Assembly after the adoption of the present Constitution, a law was passed providing that:

"All opinions of the Supreme Court in criminal prosecutions must be given in writing and recorded in the order book."

Section 163, Art. 14, ch. 1, Part 3, R. S. 1852 (vol 2, p. 381). (Also §1894 R. S. 1881; §1967 Burns 1894, §1867 Burns 1901.) Such law continued in effect from its enactment until 1905, when it was re-enacted in its present form, §337, ch. 169, Acts 1905, §2397 Burns 1926, as follows:

"All opinions of the Supreme Court or of the Appellate Court in criminal prosecutions must be given in writing and recorded in the order book."

When considered in connection with the various constitutional and statutory provisions discussed in *Hunter* v. *Cleveland, etc., R. Co., supra,* with the apparent intent of the Legislature and with the evils it was enacted to remedy, it is clear that the effect of

this section is to impose definitely upon the Appellate Court in all criminal cases the duty of rendering an opinion or statement in writing on the questions arising in the record necessary to be decided in order to finally determine a case. It follows that there has been no decision and judgment in these cases by the Appellate Court in the manner directed by §5, Art. 7, Constitution 1851, §172 Burns 1926, §1351 Burns 1926 and §2397 Burns 1926, and that said cases were still pending in the Appellate Court on January 1, 1931.

Section 1, ch. 123, Acts 1929, §2377.1 Burns Supp. 1929, placed the jurisdiction of appeals in certain criminal cases (including the instant cases) in the Appellate Court "until January 1, 1931, after which time the jurisdiction of all such appeals shall be in the Supreme Court." It also provided that "All such appeals pending in the Appellate Court on January 1, 1931 shall be transferred to the Supreme Court." The appellants' petitions to transfer are dismissed (since we hold there was no decision of the cases by the Appellate Court), but jurisdiction of the cases is now in the Supreme Court by operation of the statute, and the Clerk is directed to transfer them to the docket of the Supreme Court.

Travis, J., dissents.

Willoughby, J., concurs in the result.

Myers, C. J., absent.