## J. S. CRUSE REALTY COMPANY *v.* IMFELD ET AL.

[No. 14,524.   Filed February 21, 1933.]

*Othniel Hitch,* for petitioner.

ROLL, J.—On July 16, 1931, the J. S. Cruse Realty Company filed its complaint in the Marion Municipal Court Room 2 against Cora Imfeld, who was a non-resident of the State of Indiana, to recover the sum of five hundred dollars on a contract to pay plaintiff a

commission for the sale of real estate in the city of Indianapolis, Indiana, and an attachment bond was filed by the plaintiff and approved by the clerk of said court; that a Lis Pendens notice of the filing of said suit was entered on the records of said court by the clerk thereof. Proper notice was given the defendant Imfeld, and she appeared to said action and filed a demurrer to the complaint. Thereafter various pleadings were filed, and on October 9, 1931, the plaintiff filed its 3rd amended complaint to which the defendant filed her demurrer. On October 23, 1931, William McMaster, special judge, entered an order sustaining the demurrer to plaintiff's 3rd amended complaint, and directed plaintiff to plead over on or before the 3rd day of November, 1931.

The J. S. Cruse Realty Co. then filed this, its original action in the appellate court, setting forth the above facts, and in addition thereto stated that the said J. S. Cruse Realty Company desires to and will appeal from the decision of the said William McMaster, special judge, in sustaining the demurrer to said complaint, and will refuse to plead over and will have judgment rendered against it on said pleadings. The petition herein further recites the substance of the complaint in the lower court, and proceeds to state that upon the refusal of the said J. S. Cruse Realty Company to plead further said special judge will on November 4, 1931, or within a reasonable time thereafter render judgment against it for cost and that said attachment will be dissolved by order of court and said Lis Pendens notice will be stricken from the records, and that to prosecute an appeal to the appellate court will be a useless formality unless said attachment bond is continued in full force and effect, or some other bond of equal validity and force be substituted therefor. That unless said attachment bond aforesaid remains in full force said Cora Imfeld will remove all of her assets subject to execution from

the State of Indiana and said J. S. Cruse Realty Co. will be deprived of anything upon which to levy. It is further stated in the petition that a transcript cannot be prepared and filed nor an assignment of error filed contemporaneously with the refusal to plead further in said court, and that unless a mandate or special supersedeas is granted an irreparable injury will be sustained by the said realty company. That the petitioner realty company tenders herewith a bond in double the amount sued upon in its complaint, and prays the appellate court for an order or special supersedeas directing the said William McMaster, special judge, to enter an order keeping in force said writ of attachment and said attachment bond until further order of the appellate court and enjoining said defendant, William McMaster, special judge, from releasing said attachment bond and writ of attachment and said Lis Pendens notice.

The appellate court denied the writ prayed for without an opinion, and said plaintiff, after its petition for a rehearing was denied, filed its petition in this court for a transfer, wherein they assign as reasons why this case should be transferred, first, that the appellate court erred in not giving a written opinion or decision of said cause and contravenes a ruling precedent as stated in the case of *Hunter* v. *Cleveland, C., C. & St. L. Ry. Co.* (1930), 202 Ind. 328, 174 N. E. 287. The decision in that case was limited to cases appealed to the appellate court and not to original actions filed in the appellate court, and, therefore, for that reason the action of the appellate court in denying plaintiff's petition in an original action does not contravene any rule of law therein stated.

Plaintiff further urges that the appellate court erred in refusing to issue said writ. This question is not for us to decide upon a petition to

transfer, for it presents neither of the causes authorized by statute for a transfer to this court.

While the question is not presented we might say that the facts, as set out in plaintiff's petition, shows the appellate court very properly refused to issue the writ for a special supersedeas, and the reasons are so obvious that it is almost useless to mention them. The legislature has provided for an attachment in certain cases, and only such right exists as therein set out. Sec. 982 Burns Ann. St. 1926. It also provides for the discharge of the writ upon judgment being rendered for the defendant. Sec. 1017 Burns Ann. St. 1926. The discharge of the attachment in nowise interferes with plaintiff's right to an appeal. The only reason advanced by the petitioner for the relief asked is, that if the writ is discharged the defendant will dispose of her property before he can perfect his appeal and obtain judgment in its favor and it will be unable to collect its judgment. This is all speculation on the part of the plaintiff, and it is a question with which this court has nothing to do. This whole procedure on the part of the J. S. Cruse Realty Company and the reasoning of the attorney presenting their petition is so palpably erroneous and unsound that we deem it unnecessary to point out further the many conclusive reasons why the petition to transfer should be dismissed.

Petition to transfer dismissed.