E. I. DU PONT DE NEMOURS CO. v. LILLY, ET AL.

[No. 28, 439. Filed May 21, 1948.]

*Fox and Fox,* of Jeffersonville, for appellant.

*Lorch & Lorch* and *Evan A. McLinn,* all of New Albany, for appellees.

O'MALLEY, J.—The appellees filed a claim with the Industrial Board of Indiana, as dependents of Roy F. Lilly, who was killed by lightning on July 25, 1945, while employed as a truck driver by the appellant at one of its plants in Clark County, Indiana. The Board made an award in favor of the appellees, and from such award this appeal was taken. All the evidence, excepting that given by two electrical experts, was stipulated. The salient features of the stipulation show that the decedent was a truck driver on the premises of the appellant; that on the day of the accident he was hauling powder from a building which was called a "shipping house" to a transfer platform; that such platform was open on all sides but covered by a roof; that the weather was threatening as he approached. the transfer platform; that he drove his truck to the platform and, without unloading, proceeded to a place called a change house, to which he and all other employees had been instructed to go when a storm appeared imminent; that in accordance with said instructions he stepped to the platform and proceeded toward the shelter; and that as he neared the end of the platform he was struck by lightning and killed.

The experts, one on each side, gave opinions as to whether or not the decedent was, at the time he was stricken, more exposed to injury by lightning than others in the same locality not engaged in the same pursuit. While the evidence, given by the expert who testified on behalf of the claimants, was somewhat weakened by his cross-examination, nevertheless, he

testified unequivocally that the buildings, towers, telephone lines, power lines, and other structures on the premises of the defendant below, would make that area more exposed to the hazard of lightning than an equal area of farm land or city property outside thereof. The appellant argues that there was no evidence of probative value to support the award on this issue, but it seems to us that he is asserting that we should disregard the evidence of the expert who testified in favor of the appellees and accept the testimony of the expert who testified on behalf of the appellant.

The Industrial Board found for the claimants, appellees, in accordance with the facts as above stated and also included a finding based on the evidence of the experts, which finding is as follows:

> "It is further found that the said plaintiffs' decedent met his death while following the said instructions of the defendant; that by reason of his employment the said plaintiffs' decedent was more exposed to injury by lightning than others in the same locality and not so engaged."

The question which now confronts us is whether or not there was evidence of probative value before the Industrial Board which formed a proper basis for their finding and award in favor of the appellees.

Section 40-1202, Burns' 1940 Replacement (Supp.), states that:

> ". . . every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby; . . ."

In § 40-1701 (d), Burns' 1940 Replacement it is stated that "injury" shall be held to mean injury by

accident arising out of or in the course of the employment.

While the cases on the subject of compensation for injuries to workmen engaged in performing work for an employer are seemingly not consistent, the lack of consistency may, to some extent, be attributed to the variation in facts and the constant endeavor to make the law perform the function of relieving the injured party or his dependents from assuming the burdensome load placed upon him or them because of the accident. It may, in part, be excused by the effort that is made to force the industry to answer for some of the loss to the individual worker.

In the case of *Deckard* v. *Trustees of Indiana University* (1931), 92 Ind. App. 192, 172 N. E. 547, the decedent was cutting sod on a farm, and a storm having arisen, he went from his place of employment to a nearby tree. While under the tree he was struck by lightning and killed. There was no evidence given at the hearing which would show that the risk of being struck by lightning was increased by reason of the employment. The Industrial Board found against the claimants and the Appellate Court of Indiana affirmed the action of the Board in refusing compensation. In that case the question of increased risk was properly decided by the Board since there was no evidence offered from which an inference of increased risk could be taken.

In the case of *Country Club* v. *Industrial Com.* (1944), 387 Ill. 484, 488, 56 N. E. 2d 786, 788, the claimant, a caddy, by his mother as next friend, applied for compensation because of an injury which occurred on a golf course. It was claimed that the caddy was struck by lightning while serving on the course. Again there was no evidence of increased hazard because of the

employment and thus no showing that the accident arose out of as well as in the course of the employment. In this case the court made the following statement:

"An injury may be said to arise out of the employment when, upon consideration of all the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is required to be performed and the resulting injury."

The case of *Fox* v. *Banet* (1942), 111 Ind. App. 460, 40 N. E. 2d 356, was an appeal from an award which was given to the dependents of Banet. Banet was employed in a restaurant, and while working became seized with pain in the chest. Thereupon his employer, having first had him examined by a doctor, proceeded to take him home. Banet died a few hours later, and the doctor who had examined him, and another doctor who examined the body immediately after death, testified that death was caused by heat prostration. Other doctors, who had not examined him, testified that the cause of death was, in their opinion, coronary occlusion. There was thus presented to the Board a question of fact for their determination on the issue of the cause of death, and whether or not it arose out of the employment. From the evidence, the Board had the right to determine that the risk of being stricken by heat prostration was increased for this employee because of the conditions existing in the establishment in which he was employed. The doctor, who first examined the decedent, being familiar with the conditions which existed at the restaurant, testified concerning the size of the room, its lack of ventilation, the amount of work being done by the decedent, the temperature and other conditions existing at the time in the restaurant, each of which would be a contributing factor in making it

more hazardous to the decedent and throwing some light on the issue of causal connection. In this case the Board made an award on disputed facts and the court correctly ruled that the award should be affirmed.

The case of *L. W. Dailey Const. Co.* v. *Carpenter* (1944), 114 Ind. App. 522, 53 N. E. 2d 190, is another case which involved a heat stroke. In this case the court held that work in the sun on a hot day, coupled with the physical effort needed to accomplish the work, created a situation where the afflicted person was subjected to a greater risk than the public generally. See *In re Harraden* (1917), 66 Ind. App. 298, 118 N. E. 142; *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. 2d 499.

In the Burroughs case, *supra,* the Appellate Court of Indiana despaired of reconciling the various decisions that involved the hazard or risk that grew out of natural causes such as heat, cold, or lightning. From the examination of such cases, it seems that where there was evidence from which the Board could have reached an inference that the hazard or risk was increased then, under such circumstances, the finding of the Board in favor of the claimants was not disturbed, and where there was a lack of evidence of an increased risk and a failure to grant an award, the court likewise refused to disturb the result reached by the Board. See *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555.

The rule has been well settled that this court will neither weigh the evidence nor set aside an award when there was some evidence of probative value before the Board which supported the finding and award.

In the instant case the Board found, upon conflicting evidence, that the risk or hazard was increased; that

the plaintiffs' decedent was more exposed to injury by lightning than others in the same locality and not so engaged; and that the accident arose out of the employment. The evidence was such that the Board could properly determine the facts as found and we cannot disturb that finding.

The Appellate Court of Indiana is ordered to affirm the award of the Industrial Board of Indiana.

Emmert, C. J., and Gilkison, J., concur in the result.

NOTE.—Reported in 79 N. E. 2d 387.