CITIZENS INDEPENDENT TELEPHONE COMPANY *v.* DAVIS ET AL.

[Appellate Court No. 18,036. Transfer denied March 20. 1951.]

*Kiplinger & Kiplinger*, of Rushville, for appellant.

*Vance M. Waggoner*, of Rushville, for appellees.

PER CURIAM.—It has not been the general practice of this court to deny a petition to transfer with an opinion, although it is proper to do so. See *In Re Petitions to Transfer Appeals* (1930), 202 Ind. 365, 174 N. E. 812; *Hunter* v. *C. C. C. & St. L. R. Co.* (1930), 202 Ind. 328, 174 N. E. 287; *Myers* v. *Newcomer* (1930), 202 Ind. 335, 174 N. E. 290; *Sluss* v. *Thermoid Rubber Co.* (1930), 202 Ind. 338, 174 N. E. 291; *Burkus* v. *State* (1931), 202 Ind. 341, 174 N. E. 292; *Heffner* v. *White* (1943), 221 Ind. 315, 47 N. E. 2d 964. When a transfer is denied, it does not necessarily follow that the result, or the reasoning by which the result is reached by the Appellate Court, is thereby approved by this court, since the petition to transfer may not present such matters for our determination. The petition to transfer in this case in general (1) challenges the sufficiency of the evidence before the Industrial Board which granted an

award for death caused by lightning, and (2) contends the Appellate Court erroneously determined that death was caused by the employment.

We do not believe that the appellant's contentions on the subject of causation require us to transfer the cause. However, by our refusal to transfer we are not deciding that the Appellate Court's statements on causation, or its analysis of the reasoning in *E. I. Du Pont, etc.* v. *Lilly* (1948), 226 Ind. 267, 79 N. E. 2d 387, are correct. The petition to transfer does not require the reexamination of either *Deckard* v. *Trustees of Indiana University* (1931), 92 Ind. App. 192, 172 N. E. 547, or the *Du Pont* case, *supra.*

There was ample evidence before the Industrial Board to sustain the award. Therefore the transfer is denied.

Draper, J., not participating.

NOTE.—Reported in 97 N. E. 2d 491.