WITHERSPOON *v.* SALM, EXECUTOR, ESTATE OF HERMAN SALM, DECEASED.

[No. 19,608. Filed October 5, 1966.]

*James H. Jennings, James D. Lopp, Lockyear & Lockyear,* and *Inglehart & Hewins,* all of Evansville, for appellant.

*Jerome L. Salm, Warren & Combs,* and *Welborn & Miller,* of counsel, of Evansville, for appellee.

JACKSON, J.—This matter comes to us on appellant's Petition for Transfer.

The Appellate Court opinion in pertinent part reads as follows:

"The appellant on an appeal bears the burden of affirmatively showing harmful error. *Carter* v. *Whitney* (1964), Ind. App., 202 N. E. 2d 167, and while in this particular case the appellant, both by brief and argument, deserves a commendation of well done, we are unable to conclude that there is error which would cause this court to reverse.

"Judgment affirmed." 202 N. E. 2d 892.

Appellant's petition to transfer consists of six (6) pages and numerous grounds and is predicated on the theory that a valid decision and judgment has been rendered herein by the Appellate Court.

This case is in many ways similar to the case of *Hunter* v. *Cleveland, etc. R. Co.* (1930), 202 Ind. 328, 174 N. E. 287. In that case the Appellate Court affirmed the decision of the trial court by entry reading as follows: "Per Curiam.— Affirmed." Thereafter the appellants filed in the Supreme Court a petition (application) to transfer to this Court. Thereupon the appellee filed a motion to dismiss the petition to transfer on the ground that, since the Appellate Court wrote no opinion when it affirmed the judgment, its opinion does not (1) contravene any ruling precedent of the Supreme Court or (2) decide any new question of law erroneously.

This Court in the *Hunter* case, *supra,* at pages 334 and 335, said:

"In the case under consideration, the judgment of the Appellate Court has not been certified to the lower court. It follows from what has been stated that the parties are entitled to a decision and judgment herein by the Appellate Court in the manner directed by § 5, Art. 7, Constitution 1851, § 172 Burns 1926 and § 1351 Burns 1926, that no such judgment has been rendered and that the cause is still pending in the Appellate Court for a proper decision.

"The appellees' motion to dismiss appellant's petition to transfer, being founded on the incorrect premise that a valid decision and judgment was rendered by the Appellate Court, is insufficient and is overruled.

"A petition to transfer being authorized only after a valid decision and judgment has been rendered, and a petition for rehearing of the same has been overruled, the appellant's petition is dismissed."

It follows that there has been no decision and judgment in this cause by the Appellate Court in the manner provided by law, and that therefore the Appellate Court still has jurisdiction of this cause and the same is still pending in that court for a decision in the manner provided by law. *Sluss* v. *Ther-*

*moid Rubber Co.* (1930), 202 Ind. 338, 174 N. E. 291; *Myers* v. *Newcomer* (1930), 202 Ind. 335, 174 N. E. 290; *Hunter* v. *Cleveland, etc. R. Co.* (1930), 202 Ind. 328, 174 N. E. 287.

The petition to transfer herein having been filed prematurely, the clerk of this court is directed to return the pleadings herein to the Chief Judge of the Appellate Court and such court is hereby directed to render a lawful opinion and judgment thereon.

Rakestraw, C. J., Arterburn and Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 275.